IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:12-CR-402-H

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| AL TYRONE HILL, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court yesterday, 19 February 2013, for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of a detective with the Fayetteville Police Department assigned to a task force of the Bureau of Alcohol, Tobacco, Firearms and Explosives. Defendant presented the testimony of the proposed third-party custodian, a friend of the family. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

**Background**

Defendant was charged in a two-count indictment on 20 December 2012 with: possession of a firearm, a sawed-off shotgun, and ammunition by a felon in violation of 18

U.S.C. §§ 922(g)(1) and 924 (ct. 1); and possession of an unregistered firearm, the sawed-off shotgun, in violation of 26 U.S.C. §§ 5841, 5861(d) and 5871 (ct. 2).  The alleged offense date in each count is 20 May 2012.  The evidence presented at the hearing showed that the charges arise from a series of three calls to the Cumberland County Sheriff's Office from the home of his girlfriend.  In the first call, the caller stated that defendant and his girlfriend were fighting and defendant was trying to throw gasoline on the girlfriend.  Police came to the house, but did not find defendant there.  In the second call, the caller stated that defendant was threatening the girlfriend with a firearm.  Again, the police did not find defendant there.  The third call was a 911 hang-up call.  This time defendant was at the home.  Defendant approached police from a back bedroom and was apprehended.  The girlfriend's 13-year-old daughter, who had made the 911 call, informed police that she had seen defendant carry a rifle with him to the back area of the home.  Police found the sawed-off .410 caliber shotgun at issue on a pile of clothes in the bedroom from which defendant had apparently come and two .410 shells on defendant's person.  Defendant had been convicted of 18 felonies at the time of the alleged offenses.

## Discussion

The law requires that defendant be detained pending trial based on the following principal findings and reasons:  evidence showing that the government has a strong case, including the evidence reviewed above; the gun-related nature of the offenses charged; the circumstances of the offenses charged, including the extended prison term defendant faces if convicted and the presence of a minor in the home at the time of the alleged offense conduct; defendant's criminal record, including 18 felony convictions, 10 misdemeanor convictions (one for assault on a child under age 12 in 2011), and three periods of extended incarceration; the danger of continued gun-related offense conduct by defendant if released; defendant's substance

abuse history; the unsuitability of the proposed third-party custodial arrangement due to presence of a minor in the proposed custodial home and the extent of the risk of flight and danger presented by defendant; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, such as defendant's non-commission of any offenses while on pretrial release for the related state charges. It finds, however, that the factors favoring detention strongly outweigh such evidence.

### Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 20th day of February 2013.

_____
James E. Gates
United States Magistrate Judge