IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CR-402-1H
No. 5:16-CV-326-H

AL TYRONE HILL
   Petitioner,

v.

UNITED STATES OF AMERICA,
   Respondent.

**ORDER**

This matter is before the court on petitioner's motion to vacate under 28 U.S.C. § 2255, [DE #51 and #54]. The government has filed a motion to dismiss, [DE #58]. Petitioner filed a Motion to Proceed, [DE #61] and memorandum in support thereof, [DE #62], which are construed by the court as a response to government's motion to dismiss. The time for further filing has expired, and this matter is ripe for adjudication.

## BACKGROUND

On July 10, 2013, petitioner pled guilty, pursuant to a written memorandum of plea agreement, to possession of a firearm and ammunition by a person previously convicted of a crime punishable by a term exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1) and § 924 (Count One). [DE #29]. The government filed a motion pursuant to United States Sentencing Guidelines ("USSG") § 5K1.1. On March 11, 2014, the court granted the motion and sentenced petitioner below the statutory minimum, to a total

term of imprisonment of 108 months. [DE #45]. Judgment was entered on March 19, 2014. Petitioner did not appeal. Therefore, petitioner's judgment became final on the date his judgment of conviction was entered, "the date upon which [petitioner] declined to pursue further direct appellate review." United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001).

On June 3, 2016, petitioner filed his first motion under 28 U.S.C. § 2255, and on July 5, 2016, petitioner filed his § 2255 motion on the correct form. [DE #51 and #54]. Petitioner moved to vacate in light of Johnson v. United States, 235 S. Ct. 2551 (2015), arguing that he no longer has qualifying predicate offenses to qualify as an Armed Career Criminal under 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA").

## COURT'S DISCUSSION

### I. Motion to Vacate, [DE #51 and DE #54]

In the Johnson decision, the Supreme Court of the United States invalidated the residual clause found in 18 U.S.C. § 924(e)(2)(B)(ii) ("Armed Career Criminal Act" or "ACCA"). Johnson, 235 S. Ct. at 2557. In Welch v. United States, 136 S. Ct. 1257, 1265 (2016), the Supreme Court held the rule pronounced in Johnson is retroactively applicable on collateral review. Petitioner filed his motion within one year of Johnson.

Petitioner's status as an armed career criminal was based upon three violent felonies. Petitioner's PSR included three

2

convictions for North Carolina breaking and entering offenses. [PSR at ¶¶ 9, 17, and 18]. North Carolina breaking and entering is a qualifying predicate offense for an ACCA designation. United States v. Mungro, 754 F.3d 267, 272 (4th Cir. 2014) (holding North Carolina Breaking and Entering, "N.C. Gen. Stat. § 14-54(a), as interpreted by the North Carolina Supreme Court, sweeps no more broadly than the generic elements of burglary" and "therefore qualifies as an ACCA predicate offense," under the enumerated offense clause, 18 U.S.C. § 924(e)(2)(B)(ii)); United States v. Robinson, 714 F. App'x 275, 276 (4th Cir. Mar. 12, 2018) (same).

As the offenses qualify under the enumerated offense clause of ACCA, rather than the invalidated residual clause, Johnson does not afford relief to petitioner. Therefore, petitioner's motion is also untimely pursuant to 28 U.S.C. § 2255(f)(1) rather than pursuant to § 2255(f)(3), as the instant motion to vacate was filed more than a year after judgment became final. Therefore, petitioner's motion to vacate under Johnson must be dismissed.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss, [DE #58], is GRANTED. Petitioner's motions, [DE #51 and DE #54], are DISMISSED. Petitioner's motion to proceed, [DE #61], is construed as a response. The clerk is directed to close this case.

3

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000); <u>Rose v. Lee</u>, 252 F.3d 676, 683-84 (4th Cir. 2001). A reasonable jurist would not find this court's dismissal of Petitioner's § 2255 Motion debatable. Therefore, a Certificate of Appealability is DENIED.

This 18th day of December 2018.

_____
Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#35