IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CR-402-M-1

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| AL TYRONE HILL, | ) | |
| | ) | |
| Defendant. | ) | |

This matter came before the court for a preliminary examination of the government's third amended motion for revocation of Defendant's supervised release [DE-83] and for a hearing on the government's oral motion to detain Defendant pending further proceedings. In support of its motion for revocation and detention, Assistant United States Attorney Charity Wilson and United States Probation Officer Daniel Heimrich proffered without objection as to the violations alleged in the government's motion.

The government alleges Defendant has violated his supervised release conditions by (1) using a controlled substance, (2) failing to abide by all of the conditions and terms of the home confinement/electronic monitoring program, (3) failing to follow the instructions of the probation officer, and (4) committing criminal conduct. [DE-83].

Having considered the showing of both parties, the court finds the credible information presented establishes probable cause to support the government's motion as to Violations One, Two, and Three, but not as to Violation Four, the criminal conduct. [DE-83]. For Violation Four, the alleged victim was not in court for credibility to be assessed, and there was no sworn statement provided. In addition, having considered the record pursuant to 18 U.S.C. § 3143(a)(1), the court finds Defendant has failed to establish by clear and convincing evidence that he will not pose a

danger to the community or a risk of non-appearance as required by Fed. R. Crim. P. 32.1(a)(6), based on the following principal findings and reasons: (1) the strength of the government's case, (2) the nature of the alleged violations, (3) earlier court action demonstrating a pattern of conduct violative of release conditions which brings Defendant to court on the instant motion and (4) for other findings and reasons stated in open court.

Accordingly, Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant shall be afforded a reasonable opportunity to consult privately with defense counsel. On order of the United States Court or on request of an attorney for the government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshals for the purpose of an appearance in connection with a court proceeding.

SO ORDERED, the 10th day of September 2021.

Robert B. Jones, Jr.,
United States Magistrate Judge